# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT LEE HARRIS, JR.,          Case No. 1:12-cv-013
    Plaintiff,

                                    Spiegel, J.
vs                                    Litkovitz, M.J.

WARDEN, LEBANON CORRECTIONAL,      **REPORT AND**
INSTITUTE, et al.,                         **RECOMMENDATION**
    Defendants.

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are

delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

2

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendants Timothy P. Brunsman, Warden of the Lebanon Correctional Institution, and Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Corrections. (Complaint, pp. 2-3). Plaintiff alleges that on November 27, 2011, his cellmate Henry threw hot water on him and "slammed [plaintiff] on his back on a locker Box and caused [plaintiff] to hit his head on the sink and toilet then grabbed [plaintiff]'s cane and started choking [plaintiff] with his cane across [plaintiff]'s neck over the toilet." *Id.* at 3. Plaintiff further indicates that he "in desperation reached for a pencil off his bed and poked inmate Henry in the back of the head to get him off of his throat so he could breathe before he almost passed out." *Id.* Plaintiff states that Henry indicated that he was going to kill him during the incident and that he only used the pencil in self-defense. *See id.*

On December 5, 2011, plaintiff "plea (sic) guilty to being involved in a fight due to self defense" before the Lebanon Correctional Institution Rules Infraction Board (RIB). *Id.* at 5. The RIB based its guilty finding on the observations of Officer Sain, whose conduct report indicated that he observed plaintiff poking Henry with his cane and, on further investigation, that Henry had lead from a pencil stuck in his head. *Id.* at 17. The RIB imposed fifteen days disciplinary control, referred plaintiff to the local control committee, and recommended a

3

security increase, which ultimately resulted in his receiving a 4B security increase. *Id.* at 8, 9, 17.

Plaintiff contends that his constitutional Due Process rights were violated based on his being denied the opportunity to present "documentary physical evidence of his claim of being attacked" in the RIB hearing or in subsequent hearings or appeals. *Id.* at 10. More specifically, plaintiff sought to demonstrate that he was attacked by obtaining and presenting the infirmary records relating to the incident. *See id.* at 7-8. Plaintiff states that he had a "swelling knot on his forehead," "laceration abrasions on his lower back with swelling," laceration and abrasions on his arms and elbows, and red spots on his back from the hot water. *Id.* at 7. Plaintiff notes that he attempted to get a copy of the infirmary records from an infirmary staff member, but was told he would have to see the doctor in order to do so. *Id.* at 8. He claims that he was denied the opportunity to present this evidence at the RIB hearing, before the local control committee, in his security increase hearing, or on appeal. *See id.* at 8-9. On this basis, plaintiff seeks "[t]o be placed back in general population and have 4B classification removed from [his] record and what ever punitive damages the Court sees fit including money damages." *Id.* at 3.

Plaintiff's complaint fails to state a claim for relief for a denial of due process. Plaintiff fails to allege facts showing that defendants' actions had the effect of altering the term of his imprisonment or imposed restraints which amounted to an "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995). Plaintiff does not allege facts showing that his RIB proceeding resulted in the lengthening of his prison sentence,

4

the withdrawal of good-time credits, or the deprivation of any necessities of life. *Sandin*, 515 U.S. at 486; *Smith v. Corrections Corp. of America*, 5 F. App'x. 443, 444 (6th Cir. 2001) (thirty days of disciplinary segregation does not rise to level of atypical and significant hardship). *See also Jones*, 155 F.3d at 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control were not atypical hardship under *Sandin*). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). Because plaintiff does not have a protected liberty interest under the circumstances alleged, his complaint fails to state a due process claim against the defendants.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for failure to state a claim for relief. *Mitchell*, 343 F.3d at 821 n.10.

**IT IS THEREFORE RECOMMENDED:**

1. The instant complaint/petition should be **DISMISSED** with prejudice because it fails to state a claim upon which relief may be granted.

5

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/31/2012

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEE HARRIS, JR.,
    Plaintiff,

vs

WARDEN, LEBANON CORRECTIONAL,
INSTITUTE, et al.,
    Defendants.

Case No. 1:12-cv-013

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).